PRITCHARD *v.* PRITCHARD

No. 39779          January 3, 1956          84 So. 2d 167

*Breland & Whitten,* Sumner, for appellant.

*George P. Cossar,* Charleston, for appellee.

Roberds, P. J.

Appellant is called B. P. and appellee is called Rice throughout this record. We will so designate them in this opinion.

B. P. filed the bill herein asserting in himself as against Rice one-half ownership, as an equal partner, in a certain described cotton gin plant, consisting of the building, machinery and equipment, and the lot on which the gin was located, situated in Charleston, Mississippi, known as the Electric Gin Company, and also asserting that he was an equal partner with Rice in all profits which had arisen out of the operation of the gin from 1945 to 1949 after repayment to Rice, out of such profits, all moneys he, Rice, had paid upon the purchase price of the gin plant and to aid in its operation for the time mentioned.

Rice, in his written pleadings, denied that B. P. was a partner, or the owner of any interest whatever, in the physical plant, but admitted that B. P. was an equal partner in the profits from its operation after repayment out of such profits to Rice of the money he had paid on the purchase price and in the operation of the gin. However, he alleged there had been no such profits.

As B. P., the complainant, began to introduce his testimony, counsel for Rice asked permission of the court

to amend his pleadings so as to deny that B. P. was a partner to any extent in the profits and also to assert that B. P. was merely his employee. The record does not disclose that the chancellor acted upon this motion.

Considerable testimony was taken before the chancellor. He found and adjudicated that B. P. had no title to, or interest in, the physical gin plant, but he also adjudicated that B. P. was a partner with Rice to the extent of one-half of the profits from the operation of the gin after repayment to Rice out of such gross profits of the moneys he had advanced in the purchase of the gin plant and in its operation. However, he did not ascertain the profits. He appointed a certified public accountant as commissioner to do that.

The master reported that he had carefully examined the evidence introduced at the trial, including all oral evidence and all records and exhibits; that he had requested in writing of both parties that they furnish him additional records, documents, or other evidence of (1) profits, if any, realized by the gin during its partnership operations, (2) partnership money which had been collected, appropriated and used by B. P., (3) and partnership money Rice had co-mingled with money he had realized from operation of enterprises other than the gin; that neither had furnished any such evidence. The master then found that, from the evidence, documents, records, and data, at hand he was unable to say that B. P. was entitled to recover any amount. He also found that neither party had come into court "with clean hands" and that they were in "pari delicto," and he recommended that the bill be dismissed.

There was a hearing before the chancellor on this report, at the end of which, the chancellor dismissed the bill and assessed the costs of the proceedings, including the allowance to the master, equally between the parties.

From the decree adjudicating the partnership rights of the parties and the decree approving the report of the master, B. P. appeals.

In the first decree of the chancellor adjudicating that B. P. had no title to, or interest in, the physical gin plant, the chancellor observed that there was substantial conflict in the evidence on that question. He resolved that conflict in favor of Rice. The record discloses ample testimony to sustain that conclusion. Indeed, the great weight of the testimony, in our opinion, considering the documents, book records, actions of the parties, and the certainty and uncertainty of the oral testimony, supports the finding of the chancellor.

The chancellor held that B. P. had a limited partnership interest in the profits. That was all B. P. asserted he owned as to the profits. Therefore, the confusion in Rice's pleadings—admission in the written plea that B. P. owned that limited interest and his oral motion to deny B. P. owned any interest whatever—is immaterial so far as B. P. is concerned.

The report of the master that he could not ascertain what profits, if any, were made through operations of the gin, and what amounts were wrongfully appropriated, or used, by the two parties, and whether Rice had been repaid, and, therefore, whether there were any net profits, is amply sustained by the record before us, and the chancellor was justified in accepting and approving that report. ▉▉ The burden was, of course, upon B. P., the complainant, to make out his case. We agree with the report of the master and the decrees of the chancellor to the effect that he did not meet that burden.

Affirmed.

*Lee, Holmes, Arrington* and *Ethridge,* JJ., concur.